

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

CRIMINAL ACTION NO. 5:19-CR-139-DCR-MAS

UNITED STATES OF AMERICA                              **PLAINTIFF**


V.                                    **PLEA AGREEMENT**


**THOMAS D. INKOOM**                                     **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Indictment, charging a violation of 18 U.S.C. § 1956(h), money laundering conspiracy.

2. The essential elements of 18 U.S.C. § 1956(h) are:

(a)  The Defendant agreed with one or more coconspirators to try to accomplish an unlawful plan to violate 18 U.S.C. §§ 1956(a)(1) and (2) (money laundering and international money laundering) and 1957 (engaging in a monetary transaction of criminal derived property valued greater than $10,000); and

(b) The Defendant knew about the plan's unlawful purposes and voluntarily joined in it.

3. As to Count 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) The Defendant is a citizen of Ghana with permanent resident status in the United States, residing in Newark, New Jersey. He is also referred to in online communications as "Dean" or "Kikomakiko" or "Abideen."

    (b)  On or about April 14, 2017, the Defendant was recruited by co-conspirator Kahad A. Wuupini, and agreed to launder $100,000 in wire fraud proceeds to be obtained from Victim A, a woman residing in the Eastern District of Kentucky.  To accomplish that end, the Defendant established a business named Lucky Star Auto, registered the business in the state of New York, and opened business bank accounts at TD Bank (account ending in *4825) and Capital One (account ending in *9074).  The Defendant was the only person with signature authority over the accounts.

    (c)  On May 31, 2017, Victim A obtained two $50,000 cashier's checks, both dated May 31, 2017, and sent them to the Defendant by Federal Express.  On one of the cashier checks, Victim A wrote "condo" in the memo line, at the direction of the Defendant's co-conspirator.  The Defendant deposited one check at TD Bank (account ending in *4825) and the second at Capital One (account ending in *9074).  The Defendant subsequently disbursed the money by withdrawing sums of money and obtaining cashier's checks, writing checks and wiring funds to other individuals or entities (including automobile dealers and auction companies) in the United States and Ghana.    The Defendant knowingly engaged in these monetary transactions of criminal derived property of a value greater than $10,000.

4.   The statutory punishment for Count 2 is imprisonment for not more than 20 years, a fine of not more than $500,000 or twice the amount of gross gain or loss, and a term of supervised release of not more than 3 years.  A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5.   Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, except as noted below, and they may object to or argue in favor of other calculations.  This recommendation does not bind the Court.

    (a)   United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

(b)  Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the $100,000 in wire fraud proceeds laundered by the Defendant.

(c)  Pursuant to U.S.S.G. § 2S1.1(a)(2), the base offense level is 8.

(d)  Pursuant to U.S.S.G. §§ 2S1.1(a)(2) and 2B1.1(b)(1)(E), increase the base offense level by 8 levels for laundering funds of more than $95,000.

(e)  Pursuant to U.S.S.G. § 2S1.1(b)(2)(A), increase the offense level by 1 level because the defendant is convicted under 1956(h) with the object of the conspiracy being to violate 18 U.S.C. § 1957.

(f)  Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.  If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(g)  Pursuant to U.S.S.G. § 5E1.1, restitution is $100,000, and the victim is Victim A, as identified in discovery.

6.  No agreement exists about the Defendant's criminal history category pursuant to

U.S.S.G. Chapter 4.

7.  The Defendant will not file a departure motion pursuant to U.S.S.G. Chapter 5,

Parts H or K.

8.  The Defendant waives the right to appeal the guilty plea and conviction.  Except

for claims of ineffective assistance of counsel, the Defendant also waives the right to attack

collaterally the guilty plea, conviction, and sentence.

9.  The United States will not oppose the Defendant being released on the current

conditions for future court appearances, with the addition of electronic monitoring, if

the Defendant does not violate the terms of the order setting conditions of release.

3

10.  The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture.  The Defendant also agrees to the imposition of a money judgment in the amount of $100,000.  The Defendant also agrees the United States can prove the required nexus for forfeiture.

11.  The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure.  Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement.  The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination.  The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office.  If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.  If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional

level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12.  The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States.  If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset.  The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13.  If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14.  This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.  The United States has not made any other promises to the Defendant.

5

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN. JR.
UNITED STATES ATTORNEY

Date: March 16, 2020      By:

Kate K. Smith
Assistant United States Attorney

Date: March 16, 2020

Thomas D. Inkoom
Defendant

Date: March 16, 2020

Thomas Lyons
Attorney for Defendant

**APPROVED**, this _____ day of _____, _____.

_____
UNITED STATES DISTRICT JUDGE

6